# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angela Eunice Neal,<br><br>                    Plaintiff,<br><br>      v.<br><br>Tonic D. Tep,<br><br>                    Defendant. | Case No. 2:21-cv-00433-JCM-DJA<br><br>**Order** |

Before the Court is Plaintiff Angela Eunice Neal's motion for extension of time to find counsel. (ECF No. 30). Defendant has filed a response. (ECF No. 31). Plaintiff did not file a reply. Because there is a public policy to decide cases on their merits, the Court grants Plaintiff's motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

After Plaintiff missed her deadline to advise the Court whether she would retain new counsel or proceed *pro se* after her former counsel withdrew, the Court issued an order to show cause. (ECF No. 28). The Court ordered Plaintiff to respond by February 4, 2022. (*Id.*). Plaintiff timely responded (ECF No. 29) and requested another sixty days in which to find new counsel (ECF No. 30).

Defendant responded and argued that the Court should deny Plaintiff's request because Plaintiff cited no legal basis for extending the deadline and had already missed her deadline to inform the Court whether she would retain new counsel. (ECF No. 31). Defendant argues that "apparent in Plaintiff's Response to Order to Show Cause (ECF No. 29) is Plaintiff's unwillingness or inability to proceed *pro se.*" (*Id.* at 2). Defendant concludes by requesting case dispositive sanctions, asserting that "continuing without counsel or an active *pro se* party on the other side makes determination on the merits impossible." (*Id.* at 3).

Under Local Rule 26-3, a motion to extend a date set by an order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension.  LR 26-3.  However, courts liberally construe *pro se* filings.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).  Additionally, there is a public policy to decide cases on their merits.  *See Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-cv-997-KJD-CWH, 2012 WL 3262875, at *4 (D. Nev. Aug. 7, 2012).

The Court grants Plaintiff's request to extend the deadline for her to retain new counsel.  While Plaintiff did not comply with the technical requirements of Local Rule IA 6-1 or cite legal authority for extending her deadline, she timely complied with the Court's order to show cause.  Plaintiff is also, at this time, proceeding *pro se*, meaning that the Court must liberally construe her filings.  Plaintiff has asserted that she is in the process of finding new counsel and, consequently, Plaintiff is representing herself.  Liberally construing Plaintiff's motion, the Court thus finds she has established good cause and excusable neglect sufficient to warrant granting the extension.

Additionally, denying Plaintiff's motion and granting Defendant's request for case dispositive sanctions would contravene the public policy of deciding cases on their merits.  Defendant asserts that dispositive sanctions are warranted because there is no active *pro se* litigant or counsel on the other side.  But Defendant has not moved for sanctions.  Nor does the Court share Defendant's belief that Plaintiff's unwillingness or incapability to proceed *pro se* is apparent in her motion.

Consistent with the public policy of deciding cases on their merits, the Court will thus grant Plaintiff's request for sixty additional days to find counsel, counted from the date she filed her motion: February 4, 2022.  Plaintiff thus has until **Monday, April 4, 2022** to inform the Court whether she will retain new counsel or proceed *pro se*.  The Court will not look favorably on future extensions of this deadline.  Should Plaintiff be unable to retain new counsel by this deadline, the Court will consider her as proceeding *pro se*.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension of time to find counsel (ECF No. 30) is **granted**. Plaintiff shall have until **Monday, April 4, 2022** to inform the Court whether she will retain new counsel or proceed *pro se*.

DATED: March 7, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE